McBRIDE, Judge.
The accident which forms the basis of this suit occurred on Freret Street near Soniat Street on February 25, 1954, at about 5:50 p. m.;' plaintiff’s Buick automobile- was parked on the river side of Freret Street headed downtown or toward Canal Street and plaintiff was seated at the wheel. He states that he released the latch on the door to his left to facilitate his opening the door to alight from the car, when he could with safety do so, 'his intention being to enter the store in front of which the automobile was parked. He claims he looked into his rear-vision mirror and could see up Freret Street as far as Valmont Street, which is the street above Soniat Street, and he saw two automobiles approaching which were preceding an automobile which later developed to be owned by Mr. and Mrs. John Stewart Kuhnell and driven by the latter. Plaintiff states that his door was slightly “cracked” and that his intent was, • after the three automobiles had passed by, to open the door and malee exit from the car. Plaintiff 'goes on to state that two of the cars which he saw reflected in his rear-view mirror, that is,' the two cars which preceded the Kuhnell car, passed without incident but that the right side of the Kuhnell car sideswiped his automobile beginning at the rear of its left side, the effect of which was that the Kuhnell car struck the slightly opened door and badly crushed and mangled it to the extent of $113.25. Plaintiff claims this amount from the defendant, which is the insurer of the Kuhnell car. Plain-. tiff also is attempting to recover the sum of $70, being the amount expended by him- for the rental of another automobile used in his business during the period in which his Buick was being repaired; plaintiff alleges that the rental of the car amounted to $10 per day. Plaintiff’s suit was dismissed below and he has appealed.
The petition alleges, among the specifications of negligence, that Mrs. Kuh-nell failed to keep a proper lookout and to drive in a careful manner commensurate with the then existing traffic conditions. The defense is that plaintiff opened his door into the side of the automobile operated by Mrs. Kuhnell and that she was free from negligence.
Mrs. Kuhnell states that just as she was passing by the Christensen automobile, its left door was opened and caused to strike her car, and that until this happened she had no idea or notice that an accident would happen.
Were it not for certain circumstances shown by the record, we would be inclined to believe that Mrs. Kuhnell’s version of the accident is the most logical and that the plaintiff caused the accident by his own negligence in opening the door nearest to the lane of traffic and into the side of the passing automobile.
Certain photographs of the Christensen car - are in the record and these seem to corroborate exactly what the plaintiff stated and that is that the Kuhnell -automobile sideswiped the Christensen car starting *561 from the rear of the automobile. The photographs reflect discernible scratches on the painted surface on the rear left fender of the Christensen automobile and these scratches could not possibly have been incurred in the accident unless the Kuhnell car had been driven too close to and sideswiped the Christensen car striking the rear of its left side first. The record also shows that the gravel guard just behind the bumper of the Kuhnell car was damaged to some extent as a result of the accident, and it would be a strange circumstance for this part of the car to have been so damaged had plaintiff opened his door into the middle portion of the Kuhnell vehicle. Then, too, the photographs of the damaged door negative any thought that the door was struck by the Kuhnell automobile toward the inside of the door. The damage appears to have been caused by some object having come into contact with the door when it was partly open, and this tends to corroborate the plaintiff in great measure.
Our thought is that Mrs. Kuhnell drove her automobile too close to the Christensen automobile with the result that the right side thereof sideswiped the left side of the Christensen car. The evidence indicates that just as the accident happened an uptown-bound Public Service bus was on Freret Street near the scene and it may well be the presence of this bus in Freret Street, on which there were cars parked on both sides, caused Mrs. Kuhnell to drive to her extreme right but unfortunately too close to the Christensen automobile.
The damages claimed by plaintiff are not disputed.
For the reasons assigned, the judgment appealed from is reversed. It is now ordered that the plaintiff have judgment against the defendant for the full sum of $183.25, with legal interest from judicial demand and for all costs.
Reversed.